Clifford P. O'Shea and Eileen M. O'Shea v. Commissioner.
O'Shea v. Commissioner
Docket No. 88773.
United States Tax Court
T.C. Memo 1963-71; 1963 Tax Ct. Memo LEXIS 274; 22 T.C.M. (CCH) 286; T.C.M. (RIA) 63071; March 11, 1963
*274 Held, on the facts, petitioner did not contribute more than one-half the support of his minor daughter and is not entitled to the dependency exemption provided in sections 151(e) and 152(a), I.R.C. of 1954. Jack Crestol, Esq., for the petitioners. Robert D. Whoriskey, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined a deficiency in petitioner's income tax for 1958 in the amount of $269.93. The sole *275 issue is whether petitioner provided more than one-half the support of his minor daughter during that year. Findings of Fact Some of the facts have been stipulated and are found herein accordingly. Petitioners, husband and wife, filed a joint income tax return for 1958 with the district director of internal revenue in Brooklyn, New York. Eileen M. O'Shea is interested in this proceeding solely by virtue of having filed a joint return. Clifford P. O'Shea will be referred to hereinafter as petitioner. On June 2, 1960, respondent notified petitioner of a deficiency in income tax for 1958 in the amount of $269.93. This deficiency arose from respondent's disallowance of a dependency exemption claimed for petitioner's daughter, Eileen Patricia O'Shea, by a prior marriage, hereinafter referred to as Eileen. Petitioner was formerly married to Sally O'Shea Wiltshire, hereinafter referred to as Sally, and the one child, Eileen, was born of this marriage on August 6, 1954. On June 18, 1957, petitioner and Sally executed a separation agreement wherein it was provided that petitioner should pay, and he did thereafter pay, $20 per week to Sally for Eileen's maintenance and support. *276 It was further provided that Eileen should be permitted to visit, and she did thereafter visit, petitioner one day each week. The parties were divorced in Mexico on July 16, 1957. During 1958 Eileen resided with her mother in her maternal grandparents' home. The total amount expended on Eileen's support during the year 1958 was $2,420.85. Petitioner contributed no more than $1,170 of that amount. Opinion Respondent disallowed a dependency exemption for petitioner's minor daughter, Eileen, under sections 151(e) and 152(a)[1] of the Code, and asserted a deficiency of $269.93 in petitioner's income tax for 1958. Petitioner has the burden of showing by competent evidence that he contributed more than one-half of the total amount expended for the claimed dependent's support. Our findings of fact indicate he has not sustained his burden. *277 We have found from the testimony and evidence presented that petitioner contributed, at the most, $1,170 to the support of Eileen. This amount includes the $20 weekly payments ($1,040) made by him and $130 expended by him for gifts and visitation expenses. This is less than one-half of the total amount of $2,420.85 which we have found was expended on Eileen's care and maintenance during that year. Petitioner's argument, on brief, is directed first to the adequacy of the testimony and evidence with respect to the amounts shown to have been expended by Sally for the support of Eileen. His second argument is that the payments received by Sally as reimbursements under a health insurance policy covering Eileen should be deducted from the amount expended for her medical care. As to his first point, petitioner offered no satisfactory evidence to refute the testimony of Eileen's mother and grandmother offered by respondent. "Argument is no substitute for evidence in a case of this nature." Aaron F. Vance, 36 T.C. 547 (1961). As to his second point, it is immaterial whether such payments are deducted or not, since the amount expended by petitioner would still be less than *278 one-half the total amount expended for the support of Eileen during 1958. Decision will be entered under Rule 50. Footnotes
1. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. * * *
(e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. * * *
(3) Child Defined. - For purposes of paragraph (1)(B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either,↩